MARRERO, PLAINTIFF AND APPELLEE, *v.* MAYAGÜEZ GARAGE, INC., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 2765.—Decided May 28, 1923.

JURISDICTION—APPEAL—DEBT—REDHIBITORY ACTION—RESCISSION OF CONTRACT.— Section 1389 of the Civil Code does not refer to an action of debt, but to a redhibitory action such as was brought by the purchaser of an automobile, which was returned to the seller because unserviceable, for the recovery of $450 paid on account of the stipulated price of $1,000. The action being, therefore, for the rescission of a contract involving an amount in excess of $500, the judgment rendered on an appeal from a municipal court is void because the municipal court was without jurisdiction of the case originally and hence the district court was also without jurisdiction of it on appeal.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellant.

*Mr. J. Sabater* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The judgment appealed from in this case was rendered by the District Court of Mayagüez on appeal from a judgment of the municipal court of the said city and the defendant-appellant assigns as error that the municipal court was without jurisdiction of the action and that for that reason the district court had no jurisdiction on appeal.

In the complaint filed in the municipal court it was alleged that the plaintiff purchased from the defendant corporation a freight motor-truck for the sum of $1,000, of which he paid $450 on delivery, agreeing to pay $50 eight days later and the balance of $500 at the end of three months, and that from the moment he received the truck it was useless and did not operate, for which reason six days after having received it he returned it to the defendant who refuses to refund to him the $450 paid and to cancel the note which he signed for the $500 to be paid. He prayed the court for judgment against the defendant

for the said $450 with interest. The defendant demurred on the ground that the municipal court was without jurisdiction of the action because of the amount in controversy, inasmuch as the allegations of the complaint show that it is sought to rescind a contract of purchase and sale for the sum of $1,000 and the judgment prayed for by the plaintiff would cancel the note for the balance of $500 and oblige the defendant to take back the truck.

The appellant is right, for although the action is styled an action of debt and although it is prayed only that the defendant be adjudged to pay $450, such a judgment, in accordance with the allegations of the complaint and the law applicable, would have to be based on the non-performance by the appellant of the contract of sale because of the delivery of a truck that was useless and did not operate, would be a necessary consequence of the rescission of the contract and would have the effect of cancelling the note for $500 and of compelling the appellant to take back the truck, for otherwise the defendant could not be adjudged to return the part of the price received. This is so clear that in the fifth count of his complaint the plaintiff said that he had demanded from the defendant the return of the $450 and the note for the $500 which he promised to pay. This is really a redhibitory action on the ground of hidden defects in the thing sold which the purchaser may bring under section 1389 of the Civil Code, as admitted by the appellee in his brief, and elect between the rescission of the contract and a proportional reduction of the price, according to the opinion of experts, the plaintiff in this case having elected the first of these remedies, inasmuch as he prays for the refund of the sum paid; therefore, the issue between the parties is the non-performance of a contract whose amount of $1,000 is more than that of which a municipal court can have jurisdiction. Hence the municipal court that originally heard this case acted without juris-

diction of the subject-matter, and as the municipal court was without jurisdiction of the case, the district court had no jurisdiction of it on appeal.

The judgment appealed from must be reversed and substituted by another dismissing the complaint for lack of jurisdiction in the municipal court.

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.